### BERTHA BLDG. CORP.
### v.
### NATIONAL THEATRES CORP.

United States District Court,
E. D. New York.

April 5, 1954.

See also, D.C., 103 F.Supp. 712; D.C., 106 F.Supp. 489.

Corcoran & Kostelanetz, by Boris Kostelanetz, New York City, for plaintiff.

Dwight, Royall, Harris, Koegel & Casky, by Stanley Godofsky, of counsel, New York City, for defendant.

RAYFIEL, District Judge.

In August, 1953, the defendant served upon the plaintiff requests for admissions as to the genuineness of four documents, described in said requests, and alleged to have been executed by one H. L. Gumbiner, now deceased. The answers to said requests were served and the defendant, claiming that the answers were inadequate, moved for an order striking said answers and directing that the genuineness of the said documents be deemed admitted.

After the hearing on the said motion, but before a decision had been rendered thereon, the plaintiff served amended answers to said requests for admissions.

The instant motion was then made for an order striking the amended answers and directing that the genuineness of the said documents be deemed admitted.

Under Rule 36, 28 U.S.C.A., it would appear to be the burden of the party upon whom the requests are served

to either admit or deny the genuineness of the documents or, failing that, to set forth "in detail the reasons why he cannot truthfully admit or deny" the same.

The plaintiff, having failed to categorically admit or deny the genuineness of the documents in question, offers five reasons for its inability to do so, all of which, in the opinion of this Court, appear to be either inadequate, indefinite or frivolous.

The plaintiff may not now have the benefit and advantage of such answers, thereby making it necessary for the defendant to prove the said documents, without being required to answer to the defendant for the expenses which it may be obliged to incur in proving the same, as provided for in Rule 37(c).

Accordingly, the plaintiff's amended answers to the requests for admissions will be deemed to constitute denials of the genuineness of the documents within the meaning of Rule 36.

Settle order on notice.